Thank you, Your Honor. Jonathan Schneller on behalf of John Sanchez. I'd like to reserve two minutes for rebuttal. Unless the Court has questions about the Second Amendment argument, I plan to confine my argument to the stipulation issue. Will you keep your voice up, please? Yes, Your Honor. I apologize. This case is about the government's failure to follow a very simple procedure for the presentation of evidence in a criminal case. In James, this Court held that when the government wants to rely on a stipulation to establish an offense element, it has to put that stipulation in evidence by either reading it to a jury or admitting it as an exhibit. That is not a hard rule to follow. Well, let me ask. How does the fact that the case was tried by a judge rather than a jury affect the analysis in this case? Your Honor, I don't think it affects the analysis. The starting point for that conclusion is Jackson, the canonical Supreme Court sufficiency of the evidence case, which tells us, I believe, in footnote 11, Jackson was tried by a judge, too. And what the Court said in that case was that that was of no significance to sufficiency of the evidence analysis. So the sufficiency analysis proceeds the same in a bench trial as it does in a jury trial. The government cites two cases that it says carve out some sort of bench trial exception to the rule of James, but I don't think its arguments on that score withstand scrutiny. And if Your Honor would like, I can address those cases, Al-Ansolati and Stapleton. How does the fact that the U.S. Attorney sought to, or did, after the fact, file the stipulation on the electronic docket affect the argument? I don't think it affects the argument at all, Your Honor. James' requirement is that the stipulation be put in evidence. Materials filed on the electronic docketing system are not evidence. Many, many different types of materials are filed on the electronic docketing system. Motions are filed that way. Appearances of counsel are filed that way. A million and one materials are filed electronically, and those documents are not evidence. I'm not aware of a single authority saying that putting something on the UCF system is enough to give it the status of evidence that sustains a criminal conviction. In James, this Court did not have the benefit of the actual stipulation in the record, but it made very clear that that wasn't the reason it was finding the evidence insufficient. The Court said, after it said, we don't know what the stipulation said, that was the first thing it said, it then said more significantly, even if the stipulation that was supposed to be read orally to the jury were crystal clear, the stipulation was never entered into the evidence and read to the jury. There was, therefore, no fact and evidence that the jury could take as proved, conclusively or not. And what this Court was saying there is that even if the document had been in the record somehow, so that its contents were known, the evidence would still be insufficient because it wasn't put into evidence. Did... Excuse me. No, go ahead. I see. All right. Did Judge Gutierrez give any reason at all for denying your motion for acquittal? No, he did not. It was an unreasoned decision that he didn't present any sort of oral explanation for either. It was just... And was there a hearing or did he just do this in chambers? It was all done on the papers. We filed the papers and it got the word denied back, and that was the extent of it. All right. If the panel does decide to reverse the district court's judgment for insufficient evidence, do you agree that the panel need not reach the Second Amendment issue? I do, Your Honor. That issue would only be relevant if there was a conviction on the books that violated the Second Amendment. If there were no conviction, there would be no Second Amendment violation to address. Thank you. Mr. Schneller, I assume that there's two ways that the government could have cured this error, and if I have this right, they could either enter it into evidence, the stipulation, or they could read it to the jury, right? Correct, Your Honor. And is reading it to the jury, is that, quote, another way of entering it into evidence? Yes, Your Honor. And I may or may not be right, but where you might be going with that is in a bench trial, why read something to the judge that he can read to himself? But the answer to your question is yes, that reading to the jury is a mechanism to present evidence in cases, and it's done in stipulations. It's a way that stipulations are commonly presented. We cite a case called Payne for that, but it's also used for prior inconsistent statements, for learning treatises. There's a variety of evidence that is entered into the record by being read into evidence. Mr. Schneller, in my circuit, we have a instruction that defines evidence, and in defining evidence, the instruction includes what a stipulation is, and it ends with no further evidence need be offered to prove the fact that it's stipulated to. Is that your instruction in the Ninth? I don't believe it is, Your Honor. It's not the law of the Ninth Circuit. In the Ninth Circuit, my understanding is that the stipulation is not binding on the jury. The jury can still return a non-guilty verdict even in the face of a stipulation. And again, there are differences. We know in our reply brief there are a variety of circuit splits around this issue, including that in some circuits, a stipulation, just the minute it's signed, relieves the government of its burden of proof. It doesn't need to be admitted. That's not the law in this circuit. Okay. Thank you. Do you want to reserve the rest of your time? Yeah, if there are no further questions, I'll reserve the rest of my time. Thank you. May it please the Court. Ryan Yang, appearing on behalf of the United States. Mr. Sanchez's sufficiency of the evidence arguments cannot be squared with this Court's ruling in United States v. Lancelotti. In Lancelotti, which was a menstrual of a felon in possession case, very much like the case at hand, this Court held that there was sufficient evidence to support the conviction even when two exhibits that established interstate nexus were never admitted, formally admitted. This Court held that a stipulation signed by the parties, which read that the exhibits, quote, may be admitted. There, that stipulation was admitted into evidence. Actually, Your Honor, nothing in the opinion suggests that the stipulation was not admitted, was admitted into evidence. In what's filed with the Court, certainly, very much like the case at hand, that there's no, nothing in the opinion suggests that it was formally received into evidence also. And in that case, the Court looked at the language, which read, quote, may be admitted into evidence, and concluded that the stipulation was self-executing. Indeed, then-Judge Kennedy wrote in the opinion, citing case law, which stood for the proposition that, for instance, when a stipulation is filed to dismiss, that it's automatic, that there's no further formal judicial action is required. The Court concluded that, therefore, the exhibits were properly before the district judge, and that it constituted sufficient evidence. Well, you seem to suggest in your briefs the fact that Sanchez was tried by a judge and not by a jury made a big difference. But the fact that he was tried in a bench trial does not change the rules of evidence. I mean, if you just look at Jackson v. Virginia, stating that the sufficiency of the evidence review is based upon the record evidence adduced at trial. What is your response? Sir, I'm sure, Judge Nelson, I think Jackson stands for, I think, the proposition that there's no constitutional significance between a bench and a jury trial, meaning the quantum of proof still remains the same. The doctrine that the evidence, the rules of evidence for civil procedure is not strictly applied in a bench trial doesn't conflict with that notion. As to this idea that the stipulation was not evidence, I would sort of, which relates to what Judge Pratt questioned earlier, this Court's very own model criminal jury instruction, jury instruction 1.3, defines what is evidence. It says evidence is one sworn testimony of a witness. Evidence is exhibits that have been formally admitted or received. And evidence is facts agreed upon by the parties. It doesn't say facts agreed by the party and accepted into evidence. It doesn't say that facts agreed by the party that the Court has received. It simply says facts agreed by the party. And that's a lot of when this Court... But in what other situation has the U.S. Attorney ever relied on that definition of evidence to not admit a stipulation, for example, that a bank is insured by the FDIC? Does the U.S. Attorney ever do that? Certainly, I don't, because of the litigation risk, that's not the custom. And certainly, this is, I would imagine that you would have planned to introduce this stipulation into evidence, right? Sure. Yes, Your Honor. Because that's the requirement, is that you introduce it into evidence. I would respectfully disagree on that. Well, it seems as though you failed to meet your burden on an element of the offense by failing to submit the stipulation that satisfies that element, a felony, a crime for which a time would be served for over a year. You failed to do that, and then now you've got a bunch of post hoc rationalizations why you didn't need to do that. But that's really not the case. I think what might have happened is you realized later that you failed to do that, and that's why you filed it on the electronic docket, because you thought somehow that would make up for that. But it really doesn't under our case law. And so, I don't think in any other situation the U.S. attorney would be relying on these sort of arguments that you're making here. I think, Your Honor, that certainly the preferred route would have been what was suggested in James, but I don't think James hold that those are the excuses. Let me tell you, I was around when James came out. It was a couple of years before I went on the district court. And when I got on the district court, the district court judges were really taken aback by James, because all of a sudden something they thought was just taken for granted, that people automatically assumed they could take testimony that the bank was FDI insured. But all of a sudden, that was an element of the crime. It had to be proven, and then it was always proven by stipulation. And that's exactly what happened here, or rather what didn't happen here. I wouldn't disagree that James controlled. And Judge Warlock, you pointed to one of the key distinctions, which is that in James, the stipulation was never made a part of the record. The court in James stated that because it was not part of the record, it couldn't discern its contents and whether that was sufficient. But you didn't make your stipulation part of the record here either. It was, Your Honor. It was before the trial, the district judge, during trial, and then it was made part of the record when it was filed thereafter. But it's in a binder that you did in a bunch of exhibits, some of which you moved into evidence, and others apparently were overlooked. Certainly it wasn't a perfect trial, Your Honor, but the defendant isn't entitled to a perfect trial. He's entitled to a fair trial. No, no, wait, no. The defendant doesn't have to do anything. The government has a burden of proving each element of the offense beyond a reasonable doubt. Yes, and under Lancelotti, because the stipulation was self-executing, I submit that that element was met. Would you ever do this again? Certainly not, Your Honor. Okay. I think that's, I would certainly heed just then Judge Kennedy's sort of advisement at the end of Lancelotti. But I think that's besides the point, which is that Lancelotti controls. Let me ask you another question. Okay. Sure. Suppose we find there is insufficient evidence to prove this case. What's the consequence? I believe then the conviction is reversed, Your Honor. And you can't retry him. It's double jeopardy is attached, right? At least that's what is being represented by defense counsel, yes. That's what I would think. Do you have a different view? No. Okay. Mr. Yang, just before Judge Wardlaw's question, you told me you, after citing then-Justice Judge Kennedy's opinion, you then cited to your model instruction. You don't claim that that's the law of the circuit, do you? I think Lancelotti is the law of the circuit, and I submit that under Lancelotti. Okay. Well, these judges don't want to hear about what the law is in my circuit, but in my circuit the model instructions are not the law of the circuit. They're the opinions of a committee. Is it your claim that the model instruction is the law of the circuit? That is not my claim, Your Honor. Okay. I do think there is no distinction in a bench trial between counsel reading the stipulation, and there's no dispute in this case that the judge did, in fact, have the stipulation before him and that he read it and considered it. Well, I do think that one of the reasons why James came down the way it did is so that there was certainty in the law and a bright-line rule so that we wouldn't have all these situations where was it in evidence, was it not in evidence, it's supposed to be in the record. And that's one of the, I think, positive things about the James case. As to that specific statement about admitting it into evidence or to reading it to the jury, I think when you look at James, it actually, when you put the statements in context, it shows that the court was trying to distinguish case law cited by the government and providing those examples where how the stipulation can be provided to the fact finder. I don't think James provided that those are the sole exhaustive means to which a stipulation can be considered. And I think Lancelot is an example of that. Thank you. I'm not sure if the panel wants to hear Mr. Sanchez's second amendment argument. We don't need to go into that. Thank you. They're fully briefed. Thank you, Your Honor. Just a few points that I'll try to hit quickly. First, when my colleague emphasized that in James the stipulation was not part of the record, the quote I read earlier from that case made clear that wasn't the basis for this court's decision. The basis for this court's decision was that the stipulation was not in evidence. The court said even if we knew what the stipulation said, this case would come out the same way. My colleague relies a lot on Lancelotti, but one of the first things he acknowledged about the case was that it doesn't even say whether the stipulation in that case was or was not admitted. That just wasn't the issue in that case. This court assumed the stipulation was admitted. The question it asked was whether the exhibits needed to be separately admitted from the stipulation. And the answer to that question was no. If the stipulation is in, the exhibits are in, too. But that doesn't answer what you have to do to put the stipulation in. The case that answers that question is James, which says you have to put it in evidence. As far as Lancelotti using the term self-executing, all that term means is that once the stipulation is properly presented, nothing further needs to be done to carry out its terms. So if the stipulation says A, B, C, D, and E, we agree to. Once you properly introduce the stipulation, you don't need to separately do A, B, C, D, and E. Wasn't Lancelotti about exhibits that were attached to the stipulation? Exactly, Your Honor. So it doesn't mean that they could have left the stipulation in their desk drawer and still satisfied their burden of proof. It just means once they properly present the stipulation, then the terms are self-executing. And the case, again, that tells us how to properly introduce the stipulation is James. Finally, on Judge Wardlaw's comment about getting loosey-goosey with the rules of evidence in bench trials, I would be very reluctant if I were this court to do that. There are thousands of bench trials that take place in this circuit every year. And while my colleague is correct that the rules of what's admissible are a little bit relaxed in bench trials, the rules of what is evidence are not. They proceed the same way jury trials do. There's an evidentiary portion to the case. Witnesses testify. They're asked questions in order. Exhibits are admitted. Parties object. Judges rule on the objections. And you make an evidentiary record the same way you would in a jury trial. If we start carving exceptions into that regime because the government doesn't want to say, Your Honor, I move to admit this stipulation, we risk creating a lot of confusion for litigants, for judges, for trial court judges, for judges on this court about what the evidentiary record is in the bench trial. And there's no reason to do that. The rule in James is very easy to follow. And the government failed to follow it here. So the conviction should be reversed. Thank you. If there's nothing further. All right. Thank you, counsel. Thank you. United States v. Sanchez is submitted.
judges: D.W. Nelson, Wardlaw, Pratt